SAM GLASSCOCK III
VICE CHANCELLOR

# COURT OF CHANCERY
## OF THE
# STATE OF DELAWARE

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: November 25, 2015
Date Decided: December 10, 2015

Andrew S. Dupre, Esquire
Michael P. Kelly, Esquire
Brian R. Lemon, Esquire
Benjamin A. Smyth, Esquire
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801

Robert A. Penza, Esquire
Christopher M. Coggins, Esquire
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

Re: *Brace Industrial Contracting, Inc. v. Peterson Enterprises, Inc.*,
Civil Action No. 11189-VCG

Dear Counsel:

The Plaintiffs have filed a Motion for Partial Summary Judgment (the "Motion") contending that the Defendants have received payments from Plaintiffs' customers, which payments the Defendants are contractually bound to pay over to the Plaintiffs; but which payments, amounting to nearly $3.5 million, the Defendants have retained as an improper self-help offset against claims they assert against the Plaintiffs. At the conclusion of argument on the Motion, on November 4, 2015, I instructed the parties to meet and confer on whether any of the funds held by the Defendants are not in dispute and can be immediately released to the Plaintiffs, bearing in mind that any release of funds by the Defendants would *not* necessarily

fully resolve the issues raised in the Motion, the remainder of which would await resolution at trial in March.

After reviewing your concurrent letter submissions of November 24 and 25, 2015, I understand that on November 24, 2015, the parties agreed to an escrow release in the amount of $1,650,422.10, but that the agreement subsequently broke down because the Plaintiffs conditioned their acceptance on the Court still issuing a ruling on the Motion at this stage of the litigation.

In their post-meet-and-confer submissions, the Plaintiffs maintain that nothing short of complete repayment will cause them to withdraw the Motion, arguing that they are entitled to the entire $3.475 million that the Defendants have received from their customers; in other words, that "Defendants either have a right in Delaware law to self-help themselves to $3.457 million of the Plaintiffs' money as an offset against different purported unliquidated claims, or not."

At oral argument, the Plaintiffs represented that the Motion should be immediately addressed—despite the impending trial date—because of their exigent need of funds to maintain their business. In light of that argument, my intent in asking the parties to meet and confer was to determine an amount that could be released immediately, allowing all other claims to await trial without inefficient motion practice. Accepting the Plaintiffs' current position—that I should both order release of a portion of the escrow funds *and* deliver a decision on their outstanding

Motion for Summary Judgment—would render the meet-and-confers a futile exercise, as any amount agreed to by the parties would immediately thereafter be obviated by my determination of the full amount of the funds owed to the Plaintiffs.

The issue the Plaintiffs present for consideration in the Motion—whether the Defendants have a right under Delaware law to retain $3.457 million of the Plaintiffs' money as a "self-help" offset against different purported unliquidated claims, or not—is not as clear-cut as the Plaintiffs suggest. The Defendants do not concede that the entire $3.475 million is the property of the Plaintiffs, which they seek to retain for purposes of a set-off. The $3.457 million figure *itself* is at issue, as the Defendants vigorously contended at oral argument. Without describing in this brief letter the contractual and factual issues raised at argument, I simply note that resolving those issues is more efficient after the impending trial.

For those reasons, the Defendants should tender the amount of Plaintiffs' funds not in dispute, $1,650,422.10, to the Plaintiffs within 10 days. The Plaintiffs' claim to the balance of the amount sought in the Motion is preserved, and I reserve decision on the Motion pending trial scheduled in March, 2016. In light of this letter, the parties should confer and let the Court know by Friday, December 18, 2015 what outstanding motions, if any, remain to be resolved before trial.

To the extent the forgoing requires an order to take effect, IT IS SO ORDERED.

3

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III